MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANGEL BONILLA (A/K/A VICTOR),
GUILLERMO GARCIA GARCIA, JESUS
RAMALES, JOSE ALFREDO VARGAS
ARELLANO, MARTIN GONZALEZ, and
ODILON GONZALEZ, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
|  | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |

LEX34 FRUIT & VEGETABLE CORP.
(D/B/A MERCI MARKET), 350-42 FRUIT &
VEGETABLE CORP.  (D/B/A MERCI
MARKET), JAMES CHO, MIKE CHO,
NICOLE CHO, and MIKE CHONG,

*Defendants.*
-------------------------------------------------------X

Plaintiffs Angel Bonilla (a/k/a Victor), Guillermo Garcia Garcia, Jesus Ramales, Jose

Alfredo Vargas Arellano, Martin Gonzalez, and Odilon Gonzalez, individually and on behalf of

others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against Lex34 Fruit &

Vegetable Corp. (d/b/a Merci Market), 350-42 Fruit & Vegetable Corp. (d/b/a Merci Market),

("Defendant Corporations"), James Cho,  Mike Cho,  Nicole Cho, and  Mike Chong, ("Individual

Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants Lex34 Fruit & Vegetable Corp. (d/b/a Merci Market), 350-42 Fruit & Vegetable Corp. (d/b/a Merci Market), James Cho, Mike Cho, Nicole Cho, and Mike Chong.

2.       Defendants own, operate, or control two delis, located at 1413 Sixth Avenue, New York, New York 10019 (hereinafter "the Sixth Avenue location") and at 350 West 42nd Street, New York, New York 10003 (hereinafter "the West 42nd Street location") both under the name "Merci Market".

3.      Upon information and belief, individual Defendants James Cho, Mike Cho, Nicole Cho, and Mike Chong, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the delis as a joint or unified enterprise.

4.      Plaintiffs have been employed as deli workers, stock persons, and ostensibly as a delivery worker at the delis located at 1413 Sixth Avenue, New York, New York 10019 and 350 West 42nd Street, New York, New York 10003.

5.      Plaintiff Ramales was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to stocking beverages, fruits and vegetables in the basement and upstairs, cleaning and sweeping the basement, and ripping, folding, and taking out cardboard boxes (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

7.     Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

9.     Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

10.     Defendants employed and accounted for Plaintiff Ramales as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiff Ramales' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Ramales' actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Ramales at the minimum wage rate and enabled them to pay him at the lowered tip-credited rate.

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Ramales' and other tipped employees' tips and made unlawful deductions from Plaintiff Ramales' and other tipped employees' wages.

14.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate delis located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

20.     Plaintiff Angel Bonilla (a/k/a Victor) ("Plaintiff Bonilla" or "Mr. Bonilla") is an adult individual residing in Queens County, New York.

21.     Plaintiff Bonilla has been employed by Defendants at the Sixth Avenue location from approximately 2009 until the present date.

22.     Plaintiff Guillermo Garcia Garcia ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in New York County, New York.

23.     Plaintiff Garcia has been employed by Defendants at the Sixth Avenue location from approximately 2010 until the present date.

24.     Plaintiff Jesus Ramales ("Plaintiff Ramales" or "Mr. Ramales") is an adult individual residing in Bronx County, New York.

25.     Plaintiff Ramales was employed by Defendants at the Sixth Avenue location from approximately November 2011 until on or about May 8, 2019.

26.     Plaintiff Jose Alfredo Vargas Arellano ("Plaintiff Vargas" or "Mr. Vargas") is an adult individual residing in New York County, New York.

27.     Plaintiff Vargas has been employed by Defendants at the Sixth Avenue location from approximately May 2012 until the present date.

28.     Plaintiff Martin Gonzalez ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Queens County, New York.

29.     Plaintiff Gonzalez has been employed by Defendants at the Sixth Avenue location from approximately August 2009 until the present date.

30.    Plaintiff Odilon Gonzalez ("Plaintiff Odilon" or "Mr. Odilon") is an adult individual residing in Queens County, New York.

31.    Plaintiff Odilon has been employed by Defendants at the West 42nd Street location from approximately March 2010 until on or about June 2017 and from approximately January 2018 until the present date.

*Defendants*

32.    At all relevant times, Defendants own, operate, or control delis, located at 1413 Sixth Avenue, New York, New York 10019 and at 350 West 42nd Street, New York, New York 10003 both under the name "Merci Market".

33.    Upon information and belief, Lex34 Fruit & Vegetable Corp. (d/b/a Merci Market) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1413 Sixth Avenue, New York, New York 10019.

34.    Upon information and belief, 350-42 Fruit & Vegetable Corp. (d/b/a Merci Market) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 350 West 42nd Street, New York, New York 10003.

35.    Defendant James Cho is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant James Cho is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant James Cho possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and

compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

36.    Defendant Mike Cho is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mike Cho is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mike Cho possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

37.    Defendant Nicole Cho is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nicole Cho is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Nicole Cho possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

38.    Defendant Mike Chong is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mike Chong is sued individually in his capacity as a manager of Defendant Corporations. Defendant Mike Chong possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including

Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

39.    Defendants operate two delis located in the Midtown West section of Manhattan in New York City.

40.    Individual Defendants, James Cho, Mike Cho, Nicole Cho, and Mike Chong, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

41.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

42.    Each Defendant has possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

43.    Defendants jointly have employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

44.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

45.    Upon information and belief, Individual Defendants James Cho, Mike Cho, and Nicole Cho operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

46.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

47.     In each year from 2013 to the present date, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

48.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the delis on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

49.     Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as deli workers, stock persons, and ostensibly as a delivery worker.

50.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Angel Bonilla (a/k/a Victor)*

51.     Plaintiff Bonilla has been employed by Defendants at the Sixth Avenue location from approximately 2009 until the present date.

52.     Defendants have employed Plaintiff Bonilla as a deli worker.

53.     Plaintiff Bonilla has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

54.     Plaintiff Bonilla's work duties have required neither discretion nor independent judgment.

55.     Throughout his employment with Defendants, Plaintiff Bonilla has regularly worked in excess of 40 hours per week.

56.     From approximately June 2013 until on or about January 2018, Plaintiff Bonilla worked at the Sixth Avenue location from approximately 7:00 a.m. until on or about 6:00 p.m., five days a week and from approximately 7:00 a.m. until on or about 7:00 p.m., one day a week (typically 67 hours per week).

57.    From approximately January 2018 until on or about December 2018, Plaintiff Bonilla worked at the Sixth Avenue location from approximately 7:00 a.m. until on or about 4:00 p.m., five days a week and from approximately 7:00 a.m. until on or about 7:00 p.m., one day a week (typically 57 hours per week).

58.    From approximately June 2013 until on or about December 2017, Defendants paid Plaintiff Bonilla his wages in cash.

59.    From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Bonilla his wages in a combination of check and cash.

60.    From approximately June 2013 until on or about December 2013, Defendants paid Plaintiff Bonilla a fixed salary of $650 per week.

61.    From approximately January 2014 until on or about December 2017, Defendants paid Plaintiff Bonilla a fixed salary of $720 per week.

62.    From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Bonilla $13.00 per hour for the first 40 hours worked and $19.50 per hour for hours worked over 40.

63.    However, from approximately January 2018 until on or about December 2018, Defendants never paid Plaintiff Bonilla his spread of hours.

64.    On a number of occasions, Defendants have required Plaintiff Bonilla to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

65.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Bonilla regarding overtime and wages under the FLSA and NYLL.

66.     Defendants have never provided Plaintiff Bonilla an accurate statement of wages, as required by NYLL 195(3).

67.     Defendants have never given any notice to Plaintiff Bonilla, in English and in Spanish (Plaintiff Bonilla's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

68.     Defendants have required Plaintiff Bonilla to purchase "tools of the trade" with his own funds—including a uniform.

*Plaintiff Guillermo Garcia Garcia*

69.     Plaintiff Garcia has been employed by Defendants at the Sixth Avenue location from approximately 2010 until the present date.

70.     Defendants have employed Plaintiff Garcia as a deli worker.

71.     Plaintiff Garcia has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

72.     Plaintiff Garcia's work duties have required neither discretion nor independent judgment.

73.     Throughout his employment with Defendants, Plaintiff Garcia has regularly worked in excess of 40 hours per week.

74.     From approximately June 2013 until on or about December 2017, Plaintiff Garcia worked at the Sixth Avenue location from approximately 7:00 a.m. until on or about 6:00 p.m., five days a week and from approximately 7:00 a.m. until on or about 7:00 p.m. to 7:30 p.m., one day a week (typically 67 to 67.5 hours per week).

75.     Throughout his employment, Defendants have paid Plaintiff Garcia his wages in a combination of check and cash.

76.     From approximately June 2013 until on or about December 2013, Defendants paid Plaintiff Garcia a fixed salary of $650 per week.

77.     From approximately January 2014 until on or about December 2017, Defendants paid Plaintiff Garcia a fixed salary of $722.28 per week.

78.     Plaintiff Garcia's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

79.     For example, Defendants have required Plaintiff Garcia to work an additional thirty minutes past his scheduled departure time six days a week, and have not paid him for the additional time he worked.

80.     Although Plaintiff Garcia has been required to keep track of his time, on a number of occasions, the time keeping system has not accurately reflected his actual hours worked.

81.     Defendants have required Plaintiff Garcia to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

82.     On a number of occasions, Defendants have required Plaintiff Garcia to sign a document, the contents of which he has not been allowed to review in detail.

83.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

84.     Defendants have never provided Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

85.     Defendants have never given any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jesus Ramales*

86.    Plaintiff Ramales was employed by Defendants at the Sixth Avenue location from approximately November 2011 until on or about May 8, 2019.

87.    Defendants employed Plaintiff Ramales as a stock person and ostensibly as a delivery worker.

88.    However, Plaintiff Ramales was also required to spend a significant portion of his work day performing the non-tipped duties described above.

89.    Although Plaintiff Ramales ostensibly was employed as a delivery worker and a stock person, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

90.    Plaintiff Ramales regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

91.    Plaintiff Ramales's work duties required neither discretion nor independent judgment.

92.    Throughout his employment with Defendants, Plaintiff Ramales regularly worked in excess of 40 hours per week.

93.    From approximately June 2013 until on or about December 2017, Plaintiff Ramales worked at the Sixth Avenue location from approximately 7:00 a.m. until on or about 7:00 p.m., six days a week (typically 72 hours per week).

94.    From approximately May 2013 until on or about December 2017, Defendants paid Plaintiff Ramales his wages in cash.

95.    From approximately June 2013 until on or about December 2013, Defendants paid Plaintiff Ramales a fixed salary of $600 per week.

96.     From approximately January 2014 until on or about December 2017, Defendants paid Plaintiff Ramales a fixed salary of $627 per week.

97.     Plaintiff Ramales was never notified by Defendants that his tips were being included as an offset for wages.

98.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ramales's wages.

99.     Defendants withheld a portion of Plaintiff Ramales's tips; specifically, Defendants pocketed a percentage of credit card tips.

100.    Although Plaintiff Ramales was required to keep track of his time, on a number of occasions, the time keeping system didn't accurately reflect his actual hours worked.

101.    Defendants required Plaintiff Ramales to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

102.    On a number of occasions, Defendants required Plaintiff Ramales to sign a document, the contents of which he was not allowed to review in detail.

103.    In addition, in order to get paid, Plaintiff Ramales was required to sign a document in which Defendants misrepresented the hours that he worked per week.

104.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramales regarding overtime and wages under the FLSA and NYLL.

105.    Defendants did not provide Plaintiff Ramales an accurate statement of wages, as required by NYLL 195(3).

106.    Defendants did not give any notice to Plaintiff Ramales, in English and in Spanish (Plaintiff Ramales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

107.    Defendants required Plaintiff Ramales to purchase "tools of the trade" with his own funds—including a t-shirt and a hat three times a year.

*Plaintiff Jose Alfredo Vargas Arellano*

108.    Plaintiff Vargas has been employed by Defendants at the Sixth Avenue location from approximately May 2012 until the present date.

109.    Defendants have employed Plaintiff Vargas as a juice maker, stock person, cook, and a deli worker.

110.    Plaintiff Vargas has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

111.    Plaintiff Vargas's work duties have required neither discretion nor independent judgment.

112.    Throughout his employment with Defendants, Plaintiff Vargas has regularly worked in excess of 40 hours per week.

113.    From approximately June 2013 until on or about December 2016, Plaintiff Vargas worked at the Sixth Avenue location from approximately 7:00 a.m. until on or about 6:00 p.m., five days a week and from approximately 7:00 a.m. until on or about 7:00 p.m., one day a week (typically 67 hours per week).

114.    From approximately January 2017 until on or about December 2017, Plaintiff Vargas worked at the Sixth Avenue location from approximately 7:00 a.m. until on or about 5:00 p.m., six days a week (typically 60 hours per week).

115.    From approximately June 2013 until on or about December 2017, Defendants paid Plaintiff Vargas his wages in cash.

116.    From approximately June 2013 until on or about December 2013, Defendants paid Plaintiff Vargas a fixed salary of $560 per week.

117.    From approximately January 2014 until on or about December 2015, Defendants paid Plaintiff Vargas a fixed salary of $590 per week.

118.    From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Vargas a fixed salary of $680 per week.

119.    From approximately January 2017 until on or about February 2017, Defendants paid Plaintiff Vargas $8.25 per hour.

120.    From approximately March 2017 until on or about December 2017, Defendants paid Plaintiff Vargas $9.00 per hour.

121.    Defendants have required Plaintiff Vargas to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

122.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Vargas regarding overtime and wages under the FLSA and NYLL.

123.    Defendants have never provided Plaintiff Vargas an accurate statement of wages, as required by NYLL 195(3).

124.    Defendants have never given any notice to Plaintiff Vargas, in English and in Spanish (Plaintiff Vargas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

125.    Defendants have required Plaintiff Vargas to purchase "tools of the trade" with his own funds—including seven black polo shirts.

*Plaintiff Martin Gonzalez*

126.    Plaintiff Gonzalez has been employed by Defendants at the Sixth Avenue location from approximately August 2009 until the present date.

127.    Defendants have employed Plaintiff Gonzalez as a food preparer.

128.    Plaintiff Gonzalez has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

129.    Plaintiff Gonzalez's work duties have required neither discretion nor independent judgment.

130.    Throughout his employment with Defendants, Plaintiff Gonzalez has regularly worked in excess of 40 hours per week.

131.    From approximately June 2013 until on or about December 2015, Plaintiff Gonzalez worked at the Sixth Avenue location from approximately 7:00 a.m. until on or about 7:00 p.m., six days a week (typically 72 hours per week).

132.    From approximately January 2016 until on or about December 2016, Plaintiff Gonzalez worked at the Sixth Avenue location from approximately 8:00 a.m. until on or about 7:00 p.m., six days a week (typically 66 hours per week).

133.    From approximately January 2017 until on or about December 2017, Plaintiff Gonzalez worked at the Sixth Avenue location from approximately 9:00 p.m. until on or about 7:00 a.m., six days a week (typically 60 hours per week).

134.    From approximately June 2013 until on or about December 2016, Defendants have paid Plaintiff Gonzalez his wages in cash.

135.    From approximately January 2017 until on or about December 2017, Defendants have paid Plaintiff Gonzalez his wages in a combination of check and cash.

136.    From approximately June 2013 until on or about December 2015, Defendants paid Plaintiff Gonzalez a fixed salary of $750 per week.

137.    From approximately January 2016 until on or about December 2017, Defendants paid Plaintiff Gonzalez a fixed salary of $760 per week.

138.    Nevertheless, from approximately June 2013 until on or about December 2015, Defendants deducted $10 from Plaintiff Gonzalez's weekly paycheck for meals he never ate.

139.    In addition, from approximately January 2016 until on or about December 2017, Defendants deducted $11 from Plaintiff Gonzalez's weekly paycheck for meals he never ate.

140.    On a number of occasions, Defendants have required Plaintiff Gonzalez to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

141.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Gonzalez regarding overtime and wages under the FLSA and NYLL.

142.    Defendants have never provided Plaintiff Gonzalez an accurate statement of wages, as required by NYLL 195(3).

143.    Defendants have never given any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

144.    Defendants have required Plaintiff Gonzalez to purchase "tools of the trade" with his own funds—including three shirts a year.

*Plaintiff Odilon Gonzalez*

145.    Plaintiff Odilon has been employed by Defendants at the West 42nd Street location from approximately March 2010 until on or about June 2017 and from approximately January 2018 until the present date.

146.    Defendants have employed Plaintiff Odilon as a deli worker.

147.    Plaintiff Odilon has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

148.    Plaintiff Odilon's work duties have required neither discretion nor independent judgment.

149.    Throughout his employment with Defendants, Plaintiff Odilon has regularly worked in excess of 40 hours per week.

150.    From approximately June 2013 until on or about June 2017, Plaintiff Odilon worked at the West 42nd Street location from approximately 7:00 a.m. until on or about 7:00 p.m., six days a week (typically 72 hours per week).

151.    From approximately January 1, 2018 until on or about January 31, 2018, Plaintiff Odilon worked at the West 42nd Street location from approximately 7:00 p.m. until on or about 12:00 a.m., five to six days a week (typically 25 to 30 hours per week).

152.    From approximately February 2018 until on or about December 2018, Plaintiff Odilon worked at the West 42nd Street location from approximately 7:00 p.m. until on or about 4:00 a.m. to 5:00 a.m., six days a week (typically 54 to 60 hours per week).

153.    From approximately June 2013 until on or about June 2017 and from approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Odilon his wages in cash.

154.    From approximately June 2013 until on or about June 2017 and from approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Odilon $12.00 per hour.

155.    Plaintiff Odilon's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

156.    For example, Defendants required Plaintiff Odilon to work an additional thirty minutes to an hour past his scheduled departure time six days a week, and did not pay him for the additional time he worked.

157.    Prior to January 2017, Plaintiff Odilon was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

158.    Defendants have required Plaintiff Odilon to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

159.    On a number of occasions, Defendants have required Plaintiff Odilon to sign a document, the contents of which he has not been allowed to review in detail.

160.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Odilon regarding overtime and wages under the FLSA and NYLL.

161.    Defendants have never provided Plaintiff Odilon an accurate statement of wages, as required by NYLL 195(3).

162.    Defendants have never given any notice to Plaintiff Odilon, in English and in Spanish (Plaintiff Odilon's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

163.    Defendants have required Plaintiff Odilon to purchase "tools of the trade" with his own funds—including knives and napkins.

*Defendants' General Employment Practices*

164.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

165.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

166.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

167.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

168.    Defendants required Plaintiff Ramales and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

169.    Plaintiff Ramales and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

170.    Plaintiff Ramales' duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general deli work with duties, including the non-tipped duties described above.

171.    Plaintiff Ramales and all other tipped workers were paid at the lowered tip-credited rate by Defendants.

172.     However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and Plaintiff Ramales' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

173.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

174.     In violation of federal and state law as codified above, Defendants classified Plaintiff Ramales and other tipped workers as tipped employees, and paid them at the lowered tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

175.     Defendants failed to inform Plaintiff Ramales who received tips that Defendants intended to take a deduction against Plaintiff Ramales' earned wages for tip income, as required by the NYLL before any deduction may be taken.

176.     Defendants failed to inform Plaintiff Ramales who received tips, that his tips are being credited towards the payment of the minimum wage.

177.     Defendants failed to maintain a record of tips earned by Plaintiff Ramales who worked as a delivery worker for the tips he received.

178.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff Ramales who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery worker of a portion of the tips earned during the course of employment.

179.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Ramales, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

180.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

181.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

182.    On a number of occasions, Defendants have required Plaintiffs to sign a document the contents of which they have not been allowed to review in detail.

183.    Defendants have required Plaintiffs to sign a document that reflected inaccurate or false hours worked.

184.    Defendants have paid Plaintiffs their wages in cash and then a combination of check and cash.

185.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

186.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

187.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

188.    Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

189.    Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

190.    Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

191.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf

of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

192.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

193.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

194.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

195.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

196.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

197.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

198.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

199.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

200.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

201.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

202.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

203.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

204.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

205.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

206.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

207.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

208.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

209.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

210.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

211.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

212.    Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

213.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

214.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

215.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

216.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

217.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

218.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

219.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

220.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

221.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

222.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

223.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

224.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

225.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

226.    Plaintiffs have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

227.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

228.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

229.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities

received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

230.    Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that have been received from customers.

231.    Defendants have knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

232.    Plaintiffs have been damaged in an amount to be determined at trial.

<u>**TENTH CAUSE OF ACTION**</u>

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF THE NEW YORK LABOR LAW**

233.    Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

234.    At all relevant times, Defendants have been Plaintiff Gonzalez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

235.    Defendants have made unlawful deductions from Plaintiff Gonzalez' wages including, but not limited to, deductions for meals he never ate.

236.    The deductions made from Plaintiff Gonzalez's wages were not authorized or required by law.

237.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Gonzalez's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

238.    Plaintiff Gonzalez has been damaged in an amount to be determined at trial.

<u>**ELEVENTH CAUSE OF ACTION**</u>

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW

239.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

240.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

241.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)    Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)    Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

June 6, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:          /s/ Michael Faillace          
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 13, 2019

BY HAND


TO:    Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**


Name / Nombre:                    Angel Bonilla

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     13 de Mayo 2019


*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 13, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Guillermo Garcia Garcia

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    13 de Mayo 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

May 13, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Jesus Ramales

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 Jesus Ramales

Date / Fecha:                      13 de mayo del 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

May 13, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Jose Alfredo Vargas Arellano

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:            13 de Mayo 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 13, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Martin Gonzalez

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       13 de Mayo 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 16, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Odilon Gonzalez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    16 de mayo 2019

*Certified as a minority-owned business in the State of New York*